**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RINAT IAROV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2377-J** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Rinat Iarov, a noncitizen proceeding through counsel,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 3. The Government responded, Doc. 10, and Petitioner has replied. Doc. 11. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

## I. Factual background and Petitioner's claims.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner is a citizen of Kyrgyzstan who entered the United States in 2023 under a Class I nonimmigrant visa.[3] Doc. 1, at 4. Petitioner then filed an application for asylum, which remains pending. *Id.* Petitioner applied for and was granted work authorization and a commercial driver's license. *Id.* Petitioner was working as a commercial truck driver when he was arrested and detained by Immigration and Customs Enforcement (ICE) on August 26, 2026. *Id.* at 4-5. Petitioner alleges that the ICE officers who detained him did not have a warrant for his arrest. *Id.* at 5. The Department of Homeland Security (DHS) issued him an I-200 Warrant for Arrest and an I-862 Notice to Appear (NTA) on August 27, 2026. *Id.* Ex. 1, at 2 (Notice to Appear); Doc. 10, Ex. 3 (Warrant). He remains in custody at the Cimarron Correctional Center in Cushing, Oklahoma. Doc. 1, at 5.

Petitioner alleges violations of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1226(a) and 1357(a)(2), and the Due Process clause of the Fifth Amendment. *Id.* at 6-11. He requests his release from custody, or, in the alternative, a constitutionally adequate bond hearing at which the government

---

[3] A Class I visa is reserved for representatives of foreign media. *See* U.S. Citizenship & Immigration Servs., I Representatives of Foreign Media, https://www.uscis.gov/working-in-the-united-states/temporary-workers/i-representatives-of-foreign-media (last accessed Oct. 22, 2026).

bears the burden to show that Petitioner is a danger to the community or a flight risk. *Id.* at 13.

Petitioner received a bond hearing on September 6, 2026, after he filed his petition. *See* Doc. 10, Ex. 5, at 1. The Immigration Judge (IJ) denied bond on the ground that Petitioner was a flight risk. *Id.*

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. Respondents exceeded their warrantless arrest authority in violation of the INA.

Petitioner claims that he was arrested and detained on August 26, 2026, without a warrant. Doc. 1, at 4-5. Respondents concede that the Notice to Appear (NTA) and the warrant for Petitioner's arrest were not issued until

August 27, the day *after* Petitioner was arrested. Doc. 10, at 5 (warrant was issued 15 hours after Petitioner was detained); *id.* Ex. 1, at 2 (Petitioner detained on August 26); Ex. 2 (Notice to Appear dated August 27); Ex. 3 (Warrant dated August 27). Respondents do not explain the delay.

DHS may begin removal proceedings against a noncitizen who "is living in the United States without authorization" under § 1229(a) of the INA through an NTA. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (citing 8 U.S.C. § 1229(a)). The INA requires that a noncitizen who is placed in § 1229a removal proceedings receive written notice of the proceedings via an NTA. *See* 8 U.S.C. § 1229(a)(1) ("In removal proceedings under section 1229a of this title, written notice (in this section referred to as a 'notice to appear') shall be given in person to the [noncitizen]."). The notice acts as a charging document informing the noncitizen of the specific charges against him and outlining their legal and factual basis. *See Jimenez-Perez v. U.S. Att'y Gen.*, 817 F. App'x 676, 680 (11th Cir. 2020) ("An immigration court is vested with jurisdiction to conduct removal proceedings upon the filing of a charging document. An NTA is a charging document." (citation omitted) (internal quotation marks omitted)).

"The INA further provides that DHS may arrest and detain" noncitizens under § 1226(a) "pending a decision on whether [they are] to be removed from the United States." *Guzman Chavez*, 594 U.S. at 527 (citing 8 U.S.C. § 1226(a)).

DHS may detain a noncitizen "[a]t the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed, . . . under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1); *see also* 8 U.S.C. § 1226 ("On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").

The warrant must be issued before the noncitizen's arrest. *See* § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (Section 1226(a) "authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the [noncitizen's] arrest.") (quoting § 1226(a)); *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (explaining that § 1226 "is not even triggered unless an arrest warrant is issued," and "the subsequent provisions giving the Attorney General discretion to detain or release the arrested [noncitizen] are likewise not triggered" unless the noncitizen has "been arrested on a warrant") (internal quotation marks omitted).

Without a warrant, federal immigration officers "have more limited authority" to arrest a noncitizen. *Arizona v. United States*, 567 U.S. 387, 408 (2012). In such circumstances, federal immigration officers "may arrest [a non-citizen] for being 'in the United States in violation of any immigration law or regulation'. . . only where the [non-citizen] 'is likely to escape before a warrant

can be obtained.'" *Id.* (quoting 8 U.S.C. § 1357(a)(2)) (alteration in original omitted). To make a warrantless arrest under § 1357(a)(2), an officer must have reason to believe both that the noncitizen is in the United States in violation of immigration law and that the noncitizen is likely to escape before a warrant can be obtained. 8 U.S.C. § 1357(a)(2) (empowering federal immigration officials to arrest a noncitizen without a warrant if they "ha[ve] reason to believe that the [noncitizen] so arrested is in the United States in violation of [federal immigration] law . . . and is likely to escape before a warrant can be obtained for [their] arrest"); *accord* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). After a warrantless arrest, a detainee must be examined by an immigration officer, and a custody determination must be made within 48 hours of arrest. 8 C.F.R. § 287.3. The custody determination may result in issuance of an NTA and a warrant if the examining officer believes continued detention is justified. *Id.* at § 287.3(d).

ICE arrested Petitioner without a warrant, and Respondents have not established that the statutory and regulatory prerequisites for a warrantless arrest were satisfied. While the INA does allow for warrantless arrests under certain circumstances, Respondents do not argue that ICE complied with these

requirements before detaining Petitioner.[4] And Respondents offer no evidence that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest. The undersigned therefore concludes that the warrantless arrest violated § 1357(a)(2) because Respondents have not established the required reason to believe Petitioner was likely to escape before they could obtain a warrant.[5]

## IV. Petitioner has already received a bond hearing and does not challenge its adequacy.

In comparable immigration-detention cases, courts in this district have treated an individualized bond hearing as the appropriate remedy for the asserted statutory arrest violation. *Perdigon v. Gantt*, No. CIV-26-949-R, 2026

---

[4] Respondents argue that Petitioner's warrantless-arrest claim should be considered under the Fourth Amendment. Doc. 10, at 8. However, Petitioner does not argue a Fourth Amendment violation, but rather a violation of the INA and its implementing regulations. Doc. 1, at 6-9. This Court should decline to convert Petitioner's argument.

[5] To the extent Respondents argue that the subsequently issued warrant cures the warrantless arrest, the undersigned finds it unavailing. *See Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1226 (D. Colo. 2025) ("[I]ssuing post hoc warrants once plaintiffs had already been unlawfully arrested does nothing to cure the initial statutory violation" and holding otherwise would "vitiate[] § 1357(a)(2)'s two-pronged probable cause requirement, which is aimed precisely at preventing such unrestrained immigration enforcement actions."); *Alfaro v. Mullin*, 831 F. Supp. 3d 177, 184 (E.D.N.Y. 2026) (finding that "Post-arrest issuance of an administrative arrest warrant and notice to appear does not cure the illegal arrest of Petitioner").

WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026); *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sept. 21, 2026). Petitioner received a bond hearing on September 6, 2026. Doc. 10, Ex. 5. While the hearing took place after Petitioner filed his petition, he did not raise a challenge to the adequacy of the bond hearing in his Reply or request leave to amend his petition to add a claim.[6]

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

---

[6] Petitioner points out that he bore the burden to prove he was not a flight risk at his bond hearing. Doc. 11, at 7. The Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* 2019 WL 3387210, at *7 (W.D.N.Y. 2019)).

As noted, Petitioner has received a custody redetermination hearing. The IJ considered some of the *In re Guerra* factors and he expressed concern given

Petitioner's short residency in the United States, the fact Petitioner overstayed his visa, and his lack of family members with legal status and concluded Petitioner posed a flight risk. Doc. 10, Ex. 5, at 1. Given the IJ's finding that Petitioner was a flight risk, the undersigned recommends the Court deny Petitioner habeas relief as he has received an individualized custody determination.

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 16, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 2nd day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE